FREDERICK TRUNK v. P. V. MALM and Another.[1]

December 10, 1909.

Nos. 16,321—(53).

**Modification of Lease — Evidence.**

> The evidence is sufficient to sustain the finding of the trial court that appellant was not discharged from his obligations as lessee in a written lease by the execution of a subsequent contract.

Action in the district court for Sherburne county against P. V. Malm and C. J. Johnson upon a written lease to recover $85 for rent due November 1, 1904. The separate answer of defendant Malm set up the matter stated in the opinion and further that he executed the contract sued on for the accommodation of defendant Johnson; that plaintiff waived the terms of the agreement with Johnson without the knowledge and consent of defendant Malm. The reply denied the new matter alleged in the answer. It being admitted on the trial that there was no dispute as to the facts, the case was submitted before Giddings, J., who made findings, as stated in the opinion, and as conclusion of law ordered judgment in favor of plaintiff for the amount demanded. From the judgment entered pursuant thereto, defendant Malm appealed. Affirmed.

*Frank T. White* and *Edson S. Gaylord,* for appellant.

*E. L. McMillan,* for respondent.

LEWIS, J.

Action to recover $85, claimed to be due November 1, 1904, upon a three-year written lease for certain real estate, alleged to have been executed April 1, 1903, by defendants Johnson and Malm, as lessees, by the terms of which they agreed to pay respondent the sum of $85 on the first of November of each year. Malm answered, admitting the execution of the lease, but alleging that after its execution another agreement was entered into, whereby it was agreed that he

[1]Reported in 123 N. W. 663.

should be held responsible only for the rent becoming due November 1, 1903, and that a promissory note for that amount was signed by him. The court found that the lease was executed by the parties, as alleged; that Johnson was in possession of and occupied the premises in accordance with the terms thereof; that Johnson executed promissory notes for each year's rental; and that Malm and Johnson, together, executed a promissory note for the first year's rent, and directed judgment for respondent.

Although the court did not specifically find that the lease was not modified, as claimed, such is the necessary result of the finding that appellant, Malm, executed the lease and was bound by the terms thereof to the extent of $85 due November 1, 1904. If the evidence reasonably tends to support the findings, the judgment must be affirmed.

Conceding that the answer successfully pleads a modification of the lease, as claimed by appellant, the evidence does not conclusively support the claim. There is some testimony tending to show that the lease, unaccompanied by the promissory note, was not satisfactory to the lessor, and that an attorney was consulted with reference to Malm's liability. But it does not clearly appear that the execution of the promissory note was an independent transaction, and that it was executed by appellant in consideration that he be released from further obligation. From all that appears in the record, the execution of the lease, the conversation with respect to the liability of Malm, and the execution of the promissory note by him was one entire transaction. The conduct of the parties, and what took place, is consistent with the execution of the note as additional security to the lease.

Affirmed.